JOHN L. BURRIS ESQ., SBN 69888
DEWITT LACY, ESQ., SBN 258789
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
RON FRANKLIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FRANKLIN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN LEANDRO, a municipal corporation; DENNIS MALLY, individually and in his capacity as an officer for the San Leandro Police Department; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.: 3:17-cv-00789<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and   pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Sections 52.1, and under the common law of California. This action is against the City of San Leandro, Officer Dennis Mally of the San Leandro Police Department, and DOES 1-50.

2. It is also alleged that these violations and torts were committed during the course and scope of the above mentioned officer's employment with the San Leandro Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this Court.

## PARTIES

4. RON FRANKLIN ("Plaintiff") has been and is a resident of the state of California and is a United States Citizen.

5. Defendant Officer DENNIS MALLY ("Defendant Mally") is sued in his individual capacity and in his capacity as an officer for the City of San Leandro Police Department.

6. Defendant CITY OF SAN LEANDRO ("City") is and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Leandro Police Department.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed an administrative claim with the City of San Leandro on April 8, 2016. On August 16, 2016, Plaintiff received notice that the City of San Leandro rejected his claim.

**FACTUAL ALLEGATIONS**

9. On October 8, 2015 at approximately 12:50 p.m., Plaintiff was running errands with his younger sister and uncle, Kevin Govan, in Mr. Govan's car. Plaintiff and his five-year-old cousin were in the back seat of the car, while Mr. Govan was driving.

10. While driving, Mr. Govan noticed a San Leandro Police Department patrol vehicle behind him. Mr. Govan proceeded to stop at a stop sign when the patrol car pulled up next to his car. Mr. Govan, in an attempt to be cordial, waved at the yet-to-be identified San Leandro Police Officer. Mr. Govan then proceeded through the stop sign and was immediately pulled over by the Officer. The Officer approached Mr. Govan's car and told Mr. Govan to get out of the car. When Mr. Govan asked why he needed to step out of the car, the Officer stated that he was going to "show" him why. Mr. Govan then drove away from the traffic stop without permission from the Officer.

11. Shortly thereafter, Mr. Govan drove onto a divider located at or near the intersection of 85th and E Street in Oakland, CA. The vehicle was immediately surrounded by yet-to-be identified officers from the Oakland and San Leandro Police Departments. Mr. Govan exited his car, leaving Plaintiff and his daughter in the car. Yet-to-be identified Officers then ordered Plaintiff and his cousin to exit the car and put their hands up. Plaintiff complied with the commands and began to exit the car. As Plaintiff opened the door of the car, Defendant Mally needlessly released a K9 officer into the car. The K9 Officer engaged Plaintiff and began to drag him out of the car. The Defendant Officers then ordered Plaintiff to get on his stomach. Plaintiff could not physically comply with the command due to the fact that the K9 Officer was still engaged on his left arm. Defendant Mally then watched as the K9 officer violently and needlessly continued to viciously bite and tug Plaintiff's arm in multiple directions.

12. Plaintiff alleges that only an unreasonable officer would release a K9 officer and allow it to viciously bite an unarmed and defenseless man in the manner and under the circumstances the Defendant officers did, that Plaintiff never presented any threat to anyone that could justify the amount of force that the Defendant officers used, and that the Defendant officers had a clear opportunity to evaluate the situation and determine that Plaintiff was unarmed and did not pose any threat of harm.

13. As a result of the incident, Plaintiff suffered deep puncture wounds to his left arm. Plaintiff also suffered severe emotional distress.

14. The actions and omissions of the City and the Defendant San Leandro Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions. The City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

## DAMAGES

15. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

16. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Mally and DOES 1-25)**

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

18.  Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Mally and DOES 1-25)**

19.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20.  Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. Section 1983)**
**(Against Defendants City and DOES 26-50)**

21.  Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22.  As against Defendants City, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for City, including the District Attorney's Office. Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant City tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

23.  Plaintiff's are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Mally, DOES 1-25 and/or each of them, to the repeated violations

of the constitutional rights of citizens by San Leandro Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

24. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants City, Mally, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by the San Leandro Police Department.

25. Plaintiff is further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

26. The aforementioned deliberate indifference, customs, policies or practices of Defendants City, Mally, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff , including, but not limited to, the right to be free from unreasonable searches and/or seizures; and/or,

27. As a result of the violation of their constitutional rights by Defendants City, Mally, and/or DOES 1-25 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (Against Defendants Mally and DOES 1-25)

28. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff Pearson's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

30. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

31. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

32. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

33. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Negligence)
(Against Defendants Mally and DOES 1-50)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

35. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

36. Defendants negligently and without due care released a K9 officer on Plaintiff without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

37. The violent and needless mauling of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Battery)**
**(Against Defendants Mally and DOES 1-25)**

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. Defendants' intentionally released a K9 officer on Plaintiff without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants Mally and DOES 1-25)**

40. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' needlessly released a K9 officer on Plaintiff while he was unarmed and defenseless. Further Defendants' failed to timely disengage the K9 officer from Plaintiff.

42. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
### (Malicious Prosecution)
### (Against Defendants City, Mally, and DOES 1-25)

43. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. Defendants' conduct constituted malicious prosecution such that Defendants intentionally and maliciously instituted a legal action against Plaintiff. The legal action was instituted without probable cause and for the purpose of covering up said Defendants misconduct. The legal action was ultimately dismissed in Plaintiff's favor.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

45. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated: February 15, 2017            \_\_/s/ John L. Burris\_\_\_
                                     John L. Burris Esq.,
                                     Attorney for Plaintiff

Dated: February 15, 2017            \_\_/s/ DeWitt Lacy\_\_\_
                                     DeWitt Lacy Esq.,
                                     Attorney for Plaintiff