UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FRANKLIN,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>  Defendants. | Case No. 17-cv-00789-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

On March 22, 2017, the City of San Leandro ("the City") and Officer Dennis Mally (collectively, "Defendants") moved to dismiss several causes of action from the first amended complaint filed by Plaintiff Ron Franklin. Dkt. No. 8 ("Mot."); *see also* Dkt. No. 6 ("FAC"). On April 5, 2017, Plaintiff opposed the motion. Dkt. No. 9. ("Opp."). On April 12, 2017, Defendants replied. Dkt. No. 10 ("Reply"). The Court took the motion under submission on June 5, 2017. Dkt. No. 20; *see* Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **GRANTS** in part and **DENIES** in part Defendants' motion.

**I. BACKGROUND**

This case arises from an incident involving Plaintiff and several members of the City of San Leandro Police Department. The FAC sets forth the following allegations. At approximately 12:50 p.m. on October 8, 2015, Plaintiff was a passenger in a vehicle stopped by a City of San Leandro police officer. *Id.* ¶¶ 9–10. The officer ordered the car's driver to exit the vehicle. *Id.* ¶ 10. When the driver asked for a reason, the officer indicated that he would "show" the driver why he was being asked to step out of the car. *Id.* The driver then "drove away from the traffic stop," and onto a divider located at or near an intersection. *Id.* ¶¶ 10–11. Police officers surrounded the vehicle. *Id.* The officers ordered Plaintiff and the driver to get out of the car and put their hands up, and they complied. *Id.* Defendant Officer Mally then "needlessly released a K9 officer into

the car." *Id.* ¶ 11. The K9 officer "engaged Plaintiff and began to drag him out of the car." *Id.* Officer Mally "ordered Plaintiff to get on his stomach." *Id.* Officer Mally subsequently "watched as the K9 officer violently and needlessly continued to viciously bite and tug Plaintiff's arm in multiple directions." *Id.* Plaintiff states that "only an unreasonable officer would release a K9 officer and allow it to viciously bite an unarmed and defenseless man in the manner and under the circumstances the Defendant officers did. . ." *Id.* ¶ 12.

Plaintiff filed the FAC on March 1, 2017. Dkt. No. 6. The FAC sets forth eight causes of action. The first three arise under 42 U.S.C. § 1983 for (1) unlawful seizure in violation of the Fourth Amendment; (2) excessive force in violation of the Fourth Amendment, and (3) "deliberate indifference, customs, policies or practices" that resulted in a violation of Plaintiff's constitutional rights, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("*Monell* claim"). FAC ¶¶ 17–27. The fourth cause of action asserts a violation of the Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶¶ 28–33. Causes of action 5–8 assert the following torts: (5) negligence, Cal. Gov. Code §§ 820, 815.2; (6) battery; (7) intentional infliction of emotional distress; and (8) malicious prosecution. *Id.* ¶¶ 34–44. Plaintiff seeks general, special, and punitive damages, and attorneys' fees and costs under 42 U.S.C. §§ 1983, 1985–86, and 1988. *Id.* ¶¶ 16, 45.

Defendants move to dismiss the third, fourth, and eighth causes of action from the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Mot. at 2–14. Defendants argue that Plaintiff is not entitled to punitive damages or attorneys' fees and costs under 42 U.S.C. §§ 1985 and 1986. Mot. at 14–15.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation and citation omitted).

## III. DISCUSSION

The Court turns first to the sufficiency of Plaintiff's third, fourth, and eighth causes of action, and then to Plaintiff's section 1985 and 1986 damages claims.

### A. The *Monell* Claim (Claim 3)

Defendants move to dismiss Plaintiff's *Monell* claim, arguing that the FAC contains insufficient factual allegations to show that the City maintained a "particular custom or practice that was so widespread as to have the force of law." Mot. 4–6. Defendants argue that the FAC's allegations relate only to Plaintiff's specific interaction with Defendants. Reply at 4. Plaintiff argues that the City failed to train peace officers in the appropriate use of force, or discipline officers for the inappropriate use of force, especially with respect to the deployment of K9 officers. Opp. at 7–8.

To plausibly state a *Monell* claim, Plaintiff must allege unconstitutional conduct attributable to (1) an official municipal policy, *Monell*, 436 U.S. at 694; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law,'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)); (3) the decision of an official with "final policymaking authority," *id.* at 123; or (4) a

3

"failure to train [that] amounts to deliberate indifference to the rights of persons with whom the police come into contact," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The FAC states that the City's acts, omissions, and/or a failure to adequately "investigate, train, supervise, monitor, instruct, and discipline" its police officers caused Plaintiff's injuries. FAC ¶¶ 14, 22–26. But the FAC is devoid of any specific facts suggesting that Plaintiff's constitutional rights were violated by an official municipal policy or widespread practice concerning K9 officers. *See Harris*, 489 U.S. at 389 (requiring also that the policy or practice be the "moving force" behind the alleged injury). The FAC speaks only to alleged unconstitutional conduct by individual defendants in handling one K9 officer. Plaintiff in his opposition does not cite to any allegations in the FAC showing a broader policy, practice, or pattern. The Court therefore finds Plaintiff's *Monell* claim insufficient to survive Defendants' dismissal motion.

### B. The Bane Act Claim (Claim 4)

Defendants seek to dismiss claim 4 of the FAC, which alleges a violation of the Bane Act, Cal. Civ. Code § 52.1. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., threats, intimidation or coercion), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Shoyoye v. Cty. of Los Angeles*, 137 Cal. Rptr. 3d 839, 845 (Ct. App. 2012) (quotation and citation omitted). Defendants rely on *Shoyoye* for the proposition that Plaintiff must allege threats, intimidation, or coercion by Defendants "independent from the coercion inherent" in the underlying constitutional violation itself—here, an allegedly unlawful seizure and use of excessive force. Mot. at 10–11 (citing *Shoyoye*, 137 Cal. Rptr. 3d at 849).

In response, Plaintiff contends that *Shoyoye*'s limitation applies only when a defendant's conduct is unintentional. Opp. at 9. While *Shoyoye*'s exact contours remain somewhat unsettled, most courts in this District confirm the distinction drawn by Plaintiff. *See M.H. v. Cty. of Alameda*, 90 F. Supp. 3d 889, 898 (N.D. Cal. 2013) ("[T]his Court agrees with other courts holding that, at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct, and that *Shoyoye* applies only when the conduct is

4

unintentional."); *Bass v. City of Fremont,* 12–cv–4943–TEH, 2013 WL 891090 (N.D. Cal. Mar. 8, 2013) (denying a motion to dismiss a Bane Act claim where the plaintiff's alleged "detention and arrest resulted from the officers' action, rather than their inaction") (citing *Venegas v. Cty. of Los Angeles*, 87 P.3d 1 (Cal. 2004)); *see also Bender v. Cty. of Los Angeles*, 159 Cal. Rptr. 3d 204, 214 (Ct. App. 2013) (distinguishing *Shoyoye* based on a showing of unlawful arrest and "deliberate and spiteful" use of excessive force). To the extent that the Ninth Circuit has spoken on this issue, that court has reconfirmed that where "an arrest is unlawful *and* excessive force is applied in making the arrest, there has been coercion independent from the coercion inherent in the wrongful detention itself." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) (quoting *Bender*, 159 Cal. Rptr. 3d at 214) (emphasis in original, internal quotations omitted).

Plaintiff here states causes of action for both unlawful arrest and excessive force under section 1983. FAC ¶¶ 17–20. Defendant has not moved to dismiss either claim. Plaintiff's complaint alleges that Officer Mally "needlessly released" a K9 officer into the vehicle occupied by Plaintiff, "ordered Plaintiff to get on his stomach," and subsequently "watched as the K9 officer violently and needlessly continued to viciously bite and tug Plaintiff's arm in multiple directions." *Id.* ¶ 11. Plaintiff further alleges that only an "unreasonable officer" would release a K9 officer under those circumstances. *Id.* ¶ 12. Taking these allegations as true, Plaintiff states sufficient facts to plausibly allege that Officer Mally's use of a K9 officer constitutes "intentional conduct, conduct which should be reasonably perceived as threatening, intimidating, or coercive," and that would not inhere in an otherwise unlawful arrest. *Skeels v. Pilegaard*, 12–cv–2175–TEH, 2013 WL 970974, at *4 (N.D. Cal. Mar. 12, 2013); *see Cardoso v. Cty. of San Mateo*, No. C 12-05130 CRB, 2013 WL 900816, at *1 (N.D. Cal. Jan. 11, 2013) (denying dismissal of a Bane Act claim as that claim "may turn on details about the alleged application of excessive force—details which are unavailable at this early stage in the litigation"). Plaintiff's Bane Act claim therefore survives the motion to dismiss.

### C. The Malicious Prosecution Claim (Claim 8)

Defendants next seek dismissal of Plaintiff's malicious prosecution claim, arguing that: (1) the claim is barred under California law by Plaintiff's failure to timely file a corresponding

5

government claim; (2) the FAC states no facts to support a malicious prosecution claim; and (3) Defendants are immune from liability under Cal. Gov. Code § 821.6.[1] Mot. at 11–14. Plaintiff suggests that the state law bar is inapplicable because Plaintiff's malicious prosecution claim arises under section 1983. *See* Opp. at 10. The FAC itself does not specify whether Plaintiff's claim arises under federal or state law.

The FAC fails to plausibly assert a malicious prosecution claim under either federal or state law. Under both section 1983 and California law, a complaint must contain specific facts plausibly suggesting that Plaintiff was prosecuted (1) with malice, and (2) without probable cause. *Compare Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) ("In order to prevail on a §1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right.") (quotation and brackets omitted), *with Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) ("To prove a claim of malicious prosecution in California, the plaintiff must prove that the underlying prosecution: '(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'") (quoting *Sheldon Appel Co. v. Albert & Oliker,* 765 P.2d 498, 501 (Cal. 1989)). While Plaintiff asserts in his opposition that Defendant acted maliciously and without probable cause, Opp. at 10, the FAC itself contains no specific facts plausibly suggesting Defendants' liability. The sole allegation in the FAC specifically addressing Plaintiff's prosecution simply recites the requisite elements of a malicious prosecution claim. *See* FAC ¶ 44. That is insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 570. The Court therefore dismisses Plaintiff's claim for malicious prosecution.

### D. The Section 1985 and 1986 Claims

Finally, Defendants assert that Plaintiff cannot seek punitive damages and attorneys' fees

---

[1] That section provides that a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

6

and costs under 42 U.S.C. §§ 1985 and 1986. Plaintiff clarifies that any punitive damage claim applies only to individual defendants, not the City. Opp. at 11.

The Ninth Circuit has set forth the governing standard for section 1985 claims at the pleading stage:

> Section 1985 proscribes conspiracies to interfere with certain civil rights. A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient.

*Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). In addition, "a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge,* 403 U.S. 88, 102 (1971)). A plaintiff can state a section 1986 claim "only if the complaint contains a valid claim under section 1985." *Karim-Panahi*, 839 F.2d at 626.

Plaintiff fails to plausibly state damage claims under sections 1985 and 1986. The FAC is devoid of specific factual assertions suggesting that Defendants conspired with animus against Plaintiff. While Plaintiff asserts that Defendants violated Plaintiff's constitutional rights to be free from false arrest and malicious prosecution, Plaintiff fails to connect this with any alleged conspiracy. *See* Opp. at 11. Plaintiff, moreover, does not identify any allegation in the complaint suggesting that a conspiracy exists. *Id.* Rather, Plaintiff contends that the Court should apply "a relaxed pleading standard" to Plaintiff's claim for damages. *Id.* at 11. Plaintiff cites no authority for this proposition. The Court therefore dismisses Plaintiff's claim for damages under sections 1985 and 1986.

## IV. LEAVE TO AMEND

Even where dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation and citation omitted). Since it is possible that the flaws in the FAC can be cured by the allegation of other facts, the Court grants Plaintiff leave to amend. *See id.* Any

7

second amended complaint must clearly and concisely state the basis for all claims alleged.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.[2] Any second amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 11/27/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] In addition, the Court **DENIES** as moot Defendants' request for judicial notice, Dkt. No. 8-1, because the Court did not rely on the documents in question to reach its disposition.