United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FRANKLIN,<br><br>  Plaintiff,<br><br> v.<br><br>CITY OF SAN LEANDRO, et al.,<br><br>  Defendants. | Case No. 17-cv-00789-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

On January 16, 2018, the City of San Leandro ("the City") and Officer Dennis Mally (collectively, "Defendants") moved to dismiss the following causes of action from Plaintiff Ron Franklin's second amended complaint: Plaintiff's second cause of action for excessive force in violation of the Fourth and Fourteenth Amendments; Plaintiff's third cause of action for "deliberate indifference, customs, policies or practices" that resulted in a violation of Plaintiff's constitutional rights, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("*Monell* claim"); and Plaintiff's fourth cause of action for malicious prosecution under 42 U.S.C. § 1983. Dkt. No. 24 ("Mot.") at 2; *see also* Dkt. No. 23 ("SAC"). On January 30, 2018, Plaintiff filed an opposition to the motion. Dkt. No. 25 ("Opp."). On February 6, 2018, Defendants replied. Dkt. No. 26 ("Reply"). After carefully considering the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.[1]

The Court previously dismissed Plaintiff's *Monell* and malicious prosecution claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. *See* Dkt. No. 22

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

("Dismissal Order") at 3–4, 5–6.[2] Specifically, the Court found that (1) Plaintiff's *Monell* claim failed to identify an "official municipal policy or widespread practice concerning K9 officers;" and (2) Plaintiff's malicious prosecution claim did not plausibly suggest malice or the absence of probable cause. *See id.* at 4, 6; *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (setting forth the elements of a malicious prosecution claim under section 1983). The Court accordingly dismissed these causes of action from Plaintiff's first amended complaint, and granted Plaintiff leave to amend. Dismissal Order at 7–8; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's amended *Monell* and malicious prosecution claims suffer from the same factual deficits. Though Plaintiff added allegations to his *Monell* cause of action, those allegations are entirely conclusory. *See* SAC ¶¶ 40–43. Plaintiff again fails to identify a particular municipal policy that Defendant Mally acted pursuant to. *See id.* Plaintiff also fails to state what the City's specific policy or custom is, if any, regarding the use of K9 officers. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that, at the pleading stage, a plaintiff's *Monell* claim "may not simply recite the elements of a cause of action, but [must] contain sufficient allegations of underlying facts" so as to provide the opposing party with fair notice so it can defend itself) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The SAC omits specific facts to show that the City: (1) ratified Defendant Mally's conduct; (2) failed to train Defendant Mally or others in the use of K9 officers; or (3) did not properly investigate Plaintiff's unlawful seizure and excessive force claims. *See* SAC ¶ 43. Plaintiff, moreover, has not supplemented his complaint with facts establishing the requisite causality. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989) (holding that the particular policy or practice must be the "moving force" behind Plaintiff's injury). Despite filing three complaints to date, Plaintiff has failed to plead a cognizable *Monell* claim. Given these repeated failures, the Court dismisses Plaintiff's *Monell* claim without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*,

---

[2] The Court detailed the factual background in its Dismissal Order, and incorporates those unchanged facts and the legal analysis from the Dismissal Order here. In this order, the Court only discusses the facts and legal standards as necessary to address the new issues raised in the second amended complaint and the renewed motion to dismiss.

552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (quotations and alteration omitted).

The SAC similarly fails to state sufficient facts to support Plaintiff's malicious prosecution claim. *See* Dismissal Order at 6; SAC ¶¶ 50–51. Again, Plaintiff elides how Defendants acted with malice to prosecute him: the only facts contained in the complaint pertain to Plaintiff's allegedly unconstitutional arrest. *See id.*; Mot. at 8. As the Ninth Circuit stated in *Lacey v. Maricopa Cty.*, a plaintiff cannot at the pleading state simply recast allegations regarding an unlawful arrest "as a claim for malicious prosecution." 693 F.3d 896, 920 (9th Cir. 2012) (affirming the district court's dismissal of the plaintiff's malicious prosecution claim under Rule 12(b)(6)). Rather, "where the arrest is not a valid one, an action for malicious prosecution will not lie unless some further step is taken, such as bringing the accused before a magistrate for determination whether he is to be held." *Id.* at 919–20 (quotations omitted). To that end, Plaintiff asserts that he "could state with further specificity that he had to defend himself against the unwarranted criminal citation for over a year and that he was ultimately brought before a magistrate for the determination of criminal consequences related to the citation. . . ." Opp. at 5. It is unclear why—having recognized that he could plead more—Plaintiff did not do so. *See* Reply at 8.

Because the SAC again fails to adequately plead this claim, the Court dismisses it. Based on the assertions in Plaintiff's opposition, the Court cannot conclude that granting leave to amend this claim necessarily would be futile. The Court thus will give Plaintiff <u>one last chance to amend this claim only</u>. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations and citation omitted). Plaintiff's counsel is directly warned that failing to include facts in the complaint, then referencing those facts in briefs, wastes the time and resources of the Court and the parties. <u>All necessary facts need to be pled in the complaint, and the Court will disregard any future claims in pleadings about what "Plaintiff could state with further specificity," Opp. at 5, if given leave to amend.

Finally, the Court rejects Defendants' request to dismiss Plaintiff's second cause of action for excessive force under the Fourth Amendment. *See* Mot. at 5–6.[3] Contrary to Defendants' suggestion, Plaintiff's excessive force claim adds additional allegations beyond those stated in his first cause of action for unreasonable seizure in violation of the Fourth Amendment. *See* SAC ¶¶ 30–39. Though overlapping, those actions are not entirely duplicative of one another. Both causes of actions may therefore proceed.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' renewed dismissal motion. Any third amended complaint must be filed within 28 days of the date of this order.

**IT IS SO ORDERED.**

Dated: April 3, 2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Separately, Plaintiff admits that he "inadvertently" included a claim for excessive force under the Fourteenth Amendment. Opp. at 6. Plaintiff accordingly withdraws this claim. *Id.* Plaintiff also withdraws the malicious prosecution claim against the City, conceding that the City was improperly named. Opp. at 5. Again, counsel needs to make these assessments <u>before</u> filing the complaint.

4